IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James D. Brown, | Case No. 3:06 CV 2807 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Norfolk Southern Railway Company, | |
| Defendant, | |
| -vs- | |
| Motel Sleepers, Inc., | |
| Third-Party Defendant. | |

This matter is before the Court on cross Motions of Defendants Norfolk Southern Railway Company (Norfolk Southern) and Third-Party Defendant Motel Sleepers, Inc. (Motel Sleepers), each requesting summary judgment on the issue of indemnification (Doc. Nos. 28-29). The matter is fully briefed and both parties acknowledge that the issue is controlled by an Agreement dated April 13, 1993 (Doc. Nos. 32-34).

## BACKGROUND

The material facts are not in dispute. Norfolk Southern and Motel Sleepers entered into an Agreement dated April 13, 1993 regarding a dormitory owned by Motel Sleepers and located in Norfolk Southern's railyard in Bellevue, Ohio (Doc. No. 29-3). The dormitory is used to house Norfolk Southern trainmen between shifts.

James Brown, a Norfolk Southern employee, and his wife, Damita Brown, filed an Amended Complaint (Doc. No. 21) against these Defendants alleging James Brown contracted an infection while staying at the Bellevue dormitory (Am. Compl. at p. 3, ¶ 12). His wife Damita claims she then contracted the same infection from her husband (Am. Compl. at p. 10, ¶ 12).

Norfolk Southern filed a Cross-Claim against Motel Sleepers alleging it was obligated to indemnify and defend Norfolk Southern against Plaintiffs' claims (Doc. No. 23). Motel Sleepers, while acknowledging the Agreement and the indemnification language in it, claims "the current situation does not qualify under the contract as an instance in which Norfolk Southern is entitled to indemnification" (Doc. No. 28 at p. 2). Motel Sleepers' denial is stated as follows (Doc. No. 28 at p. 4):

> Motel Sleepers does not dispute that Mr. Brown stayed in the Bellevue facility in October of 2005. However, presently there is no evidence to demonstrate that the infection Mr. Brown contracted had any connection with his stay in Bellevue. Rather, this Defendant believes it is likely that he contracted the infection from another source. . . . Without sufficient proof that the claimed injury arose out of Motel Sleepers operation of the Bellevue facility, the indemnification clause of the contract is not triggered.

In short, Motel Sleepers claims that the mere allegation by Plaintiffs is insufficient to trigger the obligation to indemnify, and that the obligation requires an actual finding or "sufficient proof" of liability.

## CONTRACT LANGUAGE

The Agreement between the parties states in pertinent part in Article 9 as follows:

> (a) Contractor agrees to and does indemnify and hold harmless Company, its officers, employees and agents from and against any and all loss, cost, expense, claim or liability (including but not limited to attorney's fees) resulting from the injury to or loss of life of any person, including but not limited to officers, employees, agents or guests of Contractor or the officers, employees or agents of Company) or the loss of or damage to any property (including but not limited to the property of Contractor

or Company) which arises from, is incident to or occurs in connection with the performance or non-performance, whether negligent or otherwise, by Contractor of its obligations under this Agreement or the presence on the property of Company of the officers, employees, agents or guests of Contractor, except for such loss of life or personal injury or property loss or damage which is caused solely by the negligence of Company. The foregoing indemnification shall extend not only to Company but also to any corporation controlled by, controlling or under common control with Company.

(b) Contractor agrees to furnish Company evidence of comprehensive general liability insurance, including products and completed operation and contractual liability insurance, securing the liabilities assumed under the provisions of subparagraph (a) next above with combined single limit of not less than $2,000,000 each occurrence.

(c) Contractor with respect to the indemnification contained in this Article 9 hereby expressly waives any immunity granted or afforded it pursuant to Section 35, Article II of the Ohio Constitution and Section 4123.74 of the Ohio Revised Code.

## **DISCUSSION**

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. Both parties acknowledge material facts are not in dispute and agree that Plaintiffs' allegations fall within the duties imposed upon Motel Sleepers under the Agreement. However, each seeks a different legal interpretation of the Agreement. Specifically, the issue before the Court is whether the duty to indemnify is triggered when a claim is made.

The Court finds the terms to be unambiguous and applies "the plain language of the [A]greement to determine the parties' rights and obligations." *Uebelacker v. Cincom Sys. Inc.*, 48 Ohio App. 3d 268, 271 (1988). Under the clear language of the Agreement, Motel Sleepers has agreed to indemnify Norfolk Southern from any **claim or liability**. Motel Sleepers' duty to indemnify is not limited to a finding of liability. Rather, it is triggered when a claim is made that "result[s] from the injury to . . . any person," including railroad employees, if that claim arises from the duties of

Motel Sleepers under the Agreement "whether negligent or otherwise." There is nothing in this broad language which would limit the indemnification obligation to only that situation where liability has been previously established.

Motel Sleepers offers no legal support for its position that its duty to indemnify arises only when there is a certain, or near certain, determination of liability. Such interpretation would render meaningless the word "claim." *See Menuskin v. Williams*, 145 F.3d 755, 768 (6th Cir.1998) (court must interpret language as a whole and not interpret a provision in a manner that would render other provisions meaningless).

The only exception to Motel Sleepers' duty to indemnify is where the injury "is caused solely by the negligence of" the railroad. However, Motel Sleepers is not arguing that the exception applies in the instant case. Indeed, to the contrary, Motel Sleepers admits the allegations in the Amended Complaint fall within the scope of its duties under the Agreement.

The indemnification clause in the Agreement also requires Motel Sleepers to defend Plaintiffs' claims against Norfolk Southern. A duty to defend derives from, but is different than, a duty to indemnify. *See Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St. 3d 177, 180 (1984). However, a party with an indemnification obligation is required to defend a claim which is "potentially or arguably" within the coverage of the indemnity contract. *Id.* Plaintiffs' claims fall under the unambiguous language of the Agreement, thereby requiring Motel Sleepers not only to indemnify, but also to defend Norfolk Southern.

On January 19, 2007, Norfolk Southern requested Motel Sleepers defend and indemnify Norfolk Southern in this lawsuit. "An indemnitee . . . is entitled to recover attorney fees and expenses when an indemnitor wrongfully refuses to defend an action." *Allen v. Standard Oil Co.*, 2 Ohio St.

4

3d 122, 126 (1982). Norfolk Southern is entitled therefore to reimbursement for reasonable attorney fees and expenses incurred after January 19, 2007 because of Motel Sleepers' wrongful refusal to defend and indemnify.

## CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of Norfolk Southern and against Motel Sleepers on the First Cause of Action of the Cross-Claim (Doc. No. 23) for contractual indemnity. Motel Sleepers is also ordered to pay costs and expenses, including reasonable attorney fees, incurred by Norfolk Southern after January 19, 2007, the date that Norfolk Southern made a formal demand upon Motel Sleepers.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

September 28, 2007